IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


BOBBY DENNIS HARRIS                                        PLAINTIFF


        v.                          CIVIL NO. 11-5085


MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                             DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        Plaintiff, Bobby Dennis Harris, appealed the Commissioner's denial of benefits to this

Court.   On September 19, 2012, judgment was entered remanding Plaintiff's case to the

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 12).  Plaintiff now moves

for an award of $3,206.45 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access

to Justice Act (hereinafter "EAJA"), requesting compensation for 18.60 attorney hours of work

before the Court at an hourly rate of $172.39 for work performed in 2011 and 2012, and $23.16

in expenses. (Docs. 12-13). Defendant filed a response to Plaintiff's application, stating that she

does not oppose an award to Plaintiff in the amount requested.  (Doc. 15).

        Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner  Michael J. Astrue as the Defendant in this suit.

the government's denial of benefits.  <u>Jackson v. Bowen,</u> 807 F.2d 127, 128 (8th Cir. 1986).

Under <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

for further proceedings is a prevailing party.  After reviewing the file, the Court finds that

Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the

following factors:  time and labor required;  the novelty and difficulty of questions involved;  the

skill required to handle the problems presented;  the preclusion of employment by the attorney

due to acceptance of the case;  the customary fee;  whether the fee is fixed or contingent;  time

limitations imposed by the client or the circumstances;  the amount involved and the results

obtained;  the attorney's experience, reputation and ability;  the "undesirability" of the case;  the

nature and length of the professional relationship with the client;  and awards in similar cases.

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  <u>Pierce v. Underwood,</u>

487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee

request, even in the absence of an objection by the Commissioner.  <u>Clements v. Astrue</u>, 2009 WL

4508480 (W.D. Ark. Dec. 1, 2009);  <u>see also</u> <u>Decker v. Sullivan</u>, 976 F.2d 456, 459 (8th Cir.

1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately

calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting

-2-

statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $172.39 for 18.60 hours of work performed in 2011 and 2012, which he asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of his requested hourly rate. The Court will therefore award Plaintiff's counsel an hourly rate of $172.39.

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks 0.40 hour on March 29, 2011 (filing of Complaint), from which the Court deducts 0.40 hour; 0.80 hour on April 1, 2011 (preparation and review of letters with Summons to all defendants in action), from which the Court deducts 0.60 hour; and 0.50 hour

AO72A
(Rev. 8/82)

on August 18, 2011 (filed brief), from which the Court deducts 0.50 hour. This time is not compensable, in full, under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, 1.50 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 2.60 hours on August 31, 2012, and September 17, 2012, for the preparation of the EAJA petition, memorandum and exhibits. The Court find the time sought to be excessive and deducts 0.60 hour from the total compensable time sought by counsel.

Plaintiff's counsel seeks reimbursement for $23.16 in expenses incurred with regard to postage. Such expenses are recoverable under the EAJA and we find $23.16 to be a reasonable award. See Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988).

In her response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court recommends that Plaintiff be awarded attorney's fees under the EAJA for: 16.50 attorney hours (18.60-2.10) at a rate of $172.39 per hour for work performed in 2011 and 2012, for a total attorney's fee award of $2,844.44, plus $23.16 in expenses. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

-4-

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 18th day of March, 2013.


/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-5-